### ONONDAGA COUNTY MILK ASS'N v. STATE.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

STATES (§ 184*)—CLAIMS—DETERMINATION BY BOARD OF CLAIMS—REVIEW.

Determination by the Board of Claims of a claim for injuries to plaintiff's horse and wagon as a result of the alleged negligence of a bridge flagman in the employ of the state, based on conflicting evidence, will not be reversed by the Appellate Division on the facts.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

Appeal from Board of Claims.

Claim by the Onondaga County Milk Association against the State of New York. From a determination of the Board of Claims awarding a claimant $285.80 for injuries to a horse and wagon backed off a bascule bridge over the Oswego Canal by an employé of the State, it appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas Carmody, Atty. Gen. (Joseph P. Coughlin, of Albany, of counsel), for the State.

White & Barber, of Syracuse (Harry Barber, of Syracuse, of counsel), for respondent.

WOODWARD, J. The state of New York maintains and operates a bascule bridge over the Oswego Canal in North Salina street, Syracuse. The claimant is a domestic corporation engaged in buying and selling milk, delivered to customers in the city of Syracuse by means of horses and wagons driven by its servants. On the morning of the 13th day of June, 1911, Michael Rolio, an employé of the claimant, started from the plant of the company with a load of milk to be delivered to customers. He was using a covered wagon, and it is undisputed that as he approached the bridge in question he was looking ahead through the glass window in the wagon. He testifies that he was fully awake, having delivered one load of milk that morning before the then trip; that he was looking and listening; that when his horse and wagon were both upon the bridge he saw the defendant's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

flagman run out from a shanty on the far side of the bridge and wave a flag; that the flagman came forward, stopped his forward movement, and backed the horse off from the bridge, which was at that time being raised for the purpose of permitting a boat to pass through; and that the horse and wagon fell off the edge of the bridge, doing the injuries for which this complaint was entered.

There is a conflict of evidence upon the main facts. The state's witness claims to have seen the claimant's wagon when some 80 feet away from the bridge and to have given warning by the waving of the flag and calling to the driver, in the meantime having signaled the man who operated the bridge to lift the same; but the Board of Claims was not bound to believe this testimony, and it certainly is not entitled to be held to outweigh that of the claimant's witnesses. The case is one which no court would disturb as between private parties, and we see no reason for a different disposition here.

The determination appealed from should be affirmed, with costs. All concur.